IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-441-BO

| | |
|---|---|
| APRIL HEPBURN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    ORDER<br>) |
| WORKPLACE BENEFITS, LLC D/B/A<br>WORKPLACE OPTIONS,<br>    Defendant. | )<br>)<br>)<br>) |

This cause comes before the Court on defendant's motion to disqualify plaintiff's counsel and motion to stay proceedings pending resolution of the motion to disqualify. For the reasons discussed below, the motion to disqualify is denied and the motion to stay is denied as moot.

## BACKGROUND

Plaintiff filed this action *pro se* in Wake County Superior Court alleging wrongful discharge, failure to promote, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the North Carolina Equal Employment Practices Act. Defendant, plaintiff's former employer, removed the action to this Court on June 19, 2013, pursuant to its original and supplemental jurisdiction over plaintiff's claims. On July 17, 2013, attorney Monica Moncrieffe filed a notice of appearance on behalf of plaintiff. On January 15, 2014, defendant filed the instant motions to disqualify plaintiff's counsel and to stay, contending that it became aware of circumstances supporting Ms. Moncrieffe's disqualification as a result of happenstance during its own investigation. The relevant factual background is as follows.

Defendant, which has offices throughout the country, is engaged in assisting other companies in adding comprehensive work-life services to their own employee assistance programs. Some of the services offered by defendant include connecting its clients' employees

with third-party service providers, such as doctors, therapists, and lawyers, as well as providing seminars and trainings to its clients on a wide array of topics such as health and wellness and financial well-being. Ms. Moncrieffe was employed by defendant from February 2011 until May 15, 2012, as a Provider Relations Legal Specialist located in Raleigh, North Carolina. A graduate of Howard University School of Law, Ms. Moncrieffe was admitted to the Connecticut bar in 2001; Ms. Moncrieffe was not admitted to practice in the state of North Carolina when she was hired by defendant, nor did her position with defendant require either a law degree or license to practice law. [DE 27-2]. Ms. Moncrieffe's position involved the following essential duties: review legal intakes, identify clients' legal needs, match the appropriate attorney with the client, recruit attorneys to join the WPB (Workplace Benefits) panel of attorneys, and coordinate and maintain an amicable relationship with State Bar Associations and other state regulatory bodies. *Id.*

Ms. Moncrieffe contends that after she was hired she was asked to perform duties, such as soliciting opinions from state bars, which caused her to conclude that her employer intended to utilize her skills as an attorney. In light of her conclusion, Ms. Moncrieffe contacted her supervisor and voiced her concerns; Ms. Moncrieffe's supervisor passed the inquiry along to defendant's executives. An email from defendant's outside counsel is response to this inquiry notes that Ms. Moncrieffe would "be called upon from time to time to give legal advice to [defendant], [and her] communication will be protected to a certain extent by the attorney client privilege." [DE 27-6]. Further communication with counsel noted that Ms. Moncrieffe would be permitted to wear both a legal and business "hat" in the course of her employment, and that it may be difficult to determine precisely which hat was being worn at any particular time. *Id.*

2

After leaving employment with defendant, Moncrieffe executed two contracts with defendant: an Affiliate Facilitator Agreement and a Participating Law Firm Agreement. The Affiliate Facilitator Agreement concerned workshop facilitation and presentations at client locations. [DE 20-15]. Plaintiff is listed as the contact person for defendant on the Facilitator Agreement. *Id.* The Participating Law Firm Agreement concerned Ms. Moncrieffe's agreement to provide free consultations within defendant's lawyer referral program. [DE 20-17]. Ms. Moncrieffe never conducted a seminar or presentation nor received a referral pursuant to either agreement prior to her termination of those agreements in November 2012.

Subsequent to her filing a notice of appearance in this matter, Ms. Moncrieffe contacted the North Carolina State Bar for guidance. Ethics counsel informed Ms. Moncrieffe that, "[a]ssuming there was a lawyer-client relationship between you and your former employer, you need to consider whether you obtained confidential client information during your employment that is relevant to the current matter." [DE 27-8]. Ms. Moncrieffe was also advised to notify plaintiff of the potential conflict or perception of conflict, and plaintiff has agreed to Ms. Moncrieffe's continued representation.

## DISCUSSION

"[A] district court [is required] to exercise its own independent judgment as to whether the proceedings are likely to have the requisite integrity if a particular lawyer is allowed to represent a party." *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). In considering such a motion, a court must balance "(1) the right of a party to retain counsel of his choice; and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system"; to be successful on a motion to disqualify requires the movant to demonstrate that "(1) an attorney-client relationship existed

3

with the alleged former client; and (2) the former representation and the current controversy [are] substantially related." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. 1996). "The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992).

At the time Ms. Moncrieffe was employed by defendant as a Provider Relations Legal Specialist, a position which did not require a law degree or a license to practice law in North Carolina or elsewhere, Ms. Moncrieffe was not licensed to practice law in North Carolina although she was licensed to practice law in Connecticut. While it is clear that the position for which Ms. Moncrieffe was hired would not have created an attorney client relationship, there is at least some question as to whether Ms. Moncrieffe's duties evolved to include responsibilities which could have created such a relationship. Based on the documentation and emails presented to the Court, the Court will assume without deciding that defendant considered its relationship with Ms. Moncrieffe as one which, at least at times, was of attorney and client.

The North Carolina Rules of Professional Conduct provide that a lawyer who has formerly represented a client may not, absent informed consent, thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to those of the former client. N.C. R. Prof'l Conduct 1.9(a). Matters are substantially related if they involve either the same transaction or dispute or there is a substantial risk that information that would have normally been obtained in the prior representation would materially advance the adverse client's position in the later matter. *Id.* cmt. [3]. In the context of a motion

4

Case 5:13-cv-00441-BO   Document 33   Filed 04/16/14   Page 4 of 6

to disqualify, substantially related "has been interpreted to mean 'identical' or 'essentially the same.'" *Ciba Seeds*, 933 F. Supp. at 518.

Defendant contends that in her role Ms. Moncrieffe inevitably would have learned both confidential and non-confidential information about defendant's clients, operations, employees, policies, approach to litigation, and compliance issues. Disqualification cannot, however, be based on "imagined scenarios of conflict ". *Id.* at 517. Defendant has not demonstrated that Ms. Moncrieffe advised or represented defendant on matters relating to hiring or discharge of its employees, discrimination policies or procedures, or compliance with Equal Employment Opportunity laws or related matters. Nor has defendant demonstrated that Ms. Moncrieffe was at all involved in any employment matters specifically related to the employment terms, scope, performance, or discharge of plaintiff. *See e.g. Robert Woodhead, Inc. v. Datawatch Corp.*, 934 F. Supp. 181 (E.D.N.C. 1995) (firm disqualified from representing client against former employee where firm had advised former employee and during that process had learned specifically of the employee's work that formed the basis of the suit). Thus, defendant has not shown that any former representation by Ms. Moncrieffe would be substantially related – that is, essentially identical – to the current dispute.

Defendant further contends that Ms. Moncrieffe would be a necessary witness in this action and should be disqualified on that basis. "A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." *Metro. P'ship, Ltd. v. Harris*, CIV. A. 3:06CV522-W, 2007 WL 2733707 (W.D.N.C. Sept. 17, 2007) (citing *Cunningham v. Sams*, 161 N.C.App. 295, 298 (2003)). Defendant does not contend that Ms. Moncrieffe had any special knowledge of defendant's employment practices or those practices as

5

they relate to plaintiff, and has clearly not demonstrated that any testimony Ms. Moncrieffe would provide could not be obtained elsewhere.

For these reasons, the Court in its discretion finds that, even assuming Ms. Moncrieffe at times was engaged in an attorney-client relationship with defendant, defendant has not satisfied its high burden to show that Ms. Moncrieffe should be disqualified or that plaintiff's choice of counsel would in some way erode the public trust in the judicial system. *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990). In light of such finding, the Court finds defendant's arguments that Ms. Moncrieffe's representation would be prejudicial to the administration of justice in violation of N.C. R. Prof'l. Conduct 8.4(d) also to be without merit.

## CONCLUSION

Accordingly, defendant's motion to disqualify plaintiff's counsel [DE 19] is DENIED. Defendant's motion to stay proceedings pending resolution of the motion to disqualify [DE 21] is DENIED AS MOOT.

SO ORDERED, this __15__ day of April, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE