IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-441-BO

| | |
|---|---|
| APRIL HEPBURN )<br>       Plaintiff, )<br>v. )<br> )<br>WORKPLACE BENEFITS, LLC D/B/A )<br>WORKPLACE OPTIONS, )<br>       Defendant. ) | **ORDER** |

This matter is before the Court on plaintiff's motion to amend the complaint and remand [DE 37] and defendant's motion for summary judgment [DE 39]. For the reasons stated herein, plaintiff's motion is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff is an African-American woman who was employed by defendant Workplace Benefits, LLC and Workplace Options (Workplace) from October 2009 until she was terminated on November 29, 2012. Plaintiff filed this action in Wake County Superior Court on June 12, 2013 alleging claims under, *inter alia*, Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e et seq. Defendant removed the case to this Court pursuant to its federal question jurisdiction on June 19, 2013, and filed its answer on July 2, 2013. [DE 1, 5]. The deadline for amending pleadings was extended from the original date to November 25, 2013. [DE 8, 9]. By order filed February 5, 2014, the scheduling order was amended setting July 30, 2014, as the end of the discovery period and August 30, 2014, as the dispositive motions deadline. [DE 29].

Ms. Hepburn alleges that defendant has discriminated against her by not promoting her, wrongfully discharging her on the basis of her race, and retaliating against her for complaining about discrimination in violation of Title VII and the North Carolina Equal Employment Protection Act, N.C. Gen. Stat. § 143-422.2 (NCEEPA). She filed a complaint with the Equal

Employment Opportunity Commission (EEOC) on April 26, 2012, which was dismissed on March 12, 2013.

## DISCUSSION

### I. Plaintiff's Motion to Amend Complaint and Remand

Ms. Hepburn filed the instant motion to amend the complaint by removing the federal claims and to remand the case to state court over on the final day of the discovery period, over a year after removal. [DE 37]. This case was originally removed to federal court on June 19, 2013. [DE 1]. The Court recognizes that "the court should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). "The law is well settled that 'leave to amend a pleading should be denied only when amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Amendment here would be prejudicial to the opposing party. The entire discovery period has elapsed, and defendant has filed a summary judgment motion. Ms. Hepburn filed her motion to amend eight months after the agreed-upon deadline for amendment. During that time, Workplace responded to numerous motions, including two motions to compel, provided discovery, and filed numerous motions. [DE 17, 32, 34, 12, 19]. Allowing amendment and remanding the case to state court would require defendant to spend more resources in a different forum and potentially repeat the entire process that led to its summary judgment motion.

Ms. Hepburn's reliance on *Ennis v. Town of Kill Devil Hills*, 2:12-CV-9-F, 2012 WL 1473391 (E.D.N.C. Apr. 27, 2012) is misplaced. While the district court in that case granted plaintiff leave to amend, plaintiff filed her motion earlier in the discovery process and proceeded

*pro se*, without an understanding of removal. *Id.* at *3–4. This case is more similar to *Payne v. Parkchester N. Condos.*, 134 F.Supp.2d 582 (S.D.N.Y. 2001), in which the court denied plaintiff's request to remand. There, the court reasoned that plaintiff's seven month delay in removing and lack of reasonable justification other than forum manipulation counseled denial of leave to amend the complaint. *Id.* at 587. Here, Ms. Hepburn's delay was even longer than in *Payne*, she has alleged no reason for the amendment other than a desire for remand, and she must have known she was advancing federal claims, as she specifically alleged federal claims in the complaint. Therefore, the Court finds that amendment would be prejudicial to defendant, and plaintiff's motion to amend the complaint must be denied.

## II. Defendant's Motion for Summary Judgment

Workplace seeks entry of summary judgment in its favor on plaintiff's claim that Workplace violated Title VII of the Civil Rights Act of 1964 by failing to promote her, terminating her employment, and retaliating against her for filing an action with the EEOC. A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute." *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn therefrom in the light most favorable to the moving party. Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . .") (emphasis in original). "[T]here must be evidence on which the jury could reasonably find for the

3

plaintiff." *Id.* at 252. Therefore, the inquiry is whether reasonable jurors could find for the plaintiff by a preponderance of the evidence. *Id.* Plaintiff must produce "significant probative evidence tending to support the complaint' or provide "specific facts showing there is a genuine issue for trial." *Id.* at 249–50 (internal quotation and citation omitted). The Court will not consider "unsupported assertions," or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

In Title VII claims, there are two avenues through which a plaintiff may avoid summary judgment. First, a plaintiff may survive a summary judgment motion by presenting direct or circumstantial evidence that discrimination motivated the employer's adverse employment decision. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). "The second method of averting summary judgment is to proceed under a 'pretext' framework, under which the employee, after establishing a prima face case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Id.* at 285 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973)). Ms. Hepburn has not presented any direct evidence that discrimination motivated Workplace's adverse employment decision, thus the Court addresses plaintiff's claims under the pretext framework.

A. FAILURE TO PROMOTE

Plaintiff alleges that Workplace failed to promote her due to her race. To survive a summary judgment motion on a failure-to-promote claim, Ms. Hepburn must establish that 1) she is a member of a protected group; 2) Workplace had an open position for which she applied; 3) she was qualified for the position; and 4) she was rejected under circumstances supporting an inference of unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802

4

(1973); *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 544 (4th Cir. 2003). As an African-American, plaintiff is a member of a protected group. The Director of Global Learning Solutions position opened for applications on May 31, 2012. Ms. Hepburn subsequently submitted her application, interviewed for the position, received a job offer, and accepted the position. As plaintiff was, in fact, promoted, she cannot prove that she was rejected for a position under circumstances supporting an inference of unlawful discrimination.

Ms. Hepburn argues that "[d]efendant only awarded her the position to end the EEOC's investigation into her charge" and "[d]efendant never intended to maintain plaintiff in the Director role." [DE 42 at 16]. These allegations do not go to any of the factors required for the prima facie, therefore the Court finds that summary judgment of plaintiff's failure to promote claim is warranted as plaintiff has failed to make out a prima facie case.

B. WRONGFUL DISCHARGE AND EMPLOYMENT DISCRIMINATION

Ms. Hepburn next argues that Workplace discriminated against her by discharging her because of her race. To make out a prima facie case of race discrimination, plaintiff must establish that "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). Here, plaintiff has not established a prima facie case of discrimination. Workplace proffered sufficient evidence to show that Ms. Hepburn was not performing at a level that met its legitimate expectations at the time of her termination.

5

The legitimate expectations element of the prima facie claim requires a plaintiff to prove by a preponderance of the evidence that she was doing her job well enough to "rule out the possibility that she was fired for inadequate job performance, absolute or relative." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 515 (4th Cir. 2006). The employer may introduce evidence that shows plaintiff was not meeting its expectations. *Id.* at 515–16. The self-assessment of plaintiff is irrelevant, *Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000), rather, defendants' perception of her performance at the time of her discharge is the relevant inquiry, *see Holtz v. Jefferson Smurfit Corp.*, 408 F.Supp.2d 198, 205 (M.D.N.C. 2006). Here, Workplace produced several pieces of evidence that suggest Ms. Hepburn was not meeting its legitimate expectations of performance. Workplace introduced voluminous evidence of complaints from co-workers and supervisors regarding her negative attitude and from customers regarding her poor work ethic and mistakes. *See, e.g.,* DE 41-2, ¶ 28, DE 41-35, DE 41-3, ¶¶ 24-25, DE 41-39. Simply put, a reasonable juror could not find that Ms. Hepburn was performing in accordance with Workplace's legitimate expectations of her at the time of her termination.

Assuming, *arguendo*, that plaintiff has demonstrated a prima facie case for wrongful termination, Workplace has proffered legitimate, non-discriminatory reasons for the actions it took and plaintiff has not proffered sufficient evidence to demonstrate that the reasons offered are mere pretext. Again, Workplace submitted numerous emails and documents evidencing plaintiff's sub-par work performance. *See, e.g.,* DE 41-2, ¶ 28, DE 41-35, DE 41-3, ¶¶ 24-25, DE 41-39. Ms. Hepburn did not contest Workplace's allegations that she failed to complete assignments, did not provide training materials and speaker confirmations in a timely manner with regard to client APS Healthcare, Inc., or that she was relieved of her duties with respect to client Deer Oaks. [DE 40, p.16–17, DE 41-40]. Nor does plaintiff contest that she submitted a

6

Case 5:13-cv-00441-BO   Document 49   Filed 10/08/14   Page 6 of 9

training catalogue that was her responsibility both late and incomplete. [DE 42 p.21–22, DE 40 p.14–16]. Ms. Hepburn proffers no further evidence beyond her own speculation that defendants' dissatisfaction with her work is mere pretext for her termination, and her speculation is insufficient. *Hawkins*, 203 F.3d at 80.

Because Ms. Hepburn fails to establish a prima facie case for wrongful termination, and even where the Court assumes a prima facie case could be established, plaintiff fails to demonstrate or create a genuine issue of material fact as to whether defendant's proffered reasons for its actions were pretextual, summary judgment in favor of defendant on plaintiff's wrongful termination and general employment discrimination claims is appropriate.

C. RETALIATION

In order to establish a prima facie case for retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity; (2) she experienced an adverse employment action; and (3) a causal link exists between the two events. *Price v. Thomspon*, 380 F.3d 209, 212 (4th Cir. 2004). "The retaliation must merely be materially adverse to a reasonable person, i.e. sufficient to dissuade a reasonable person from charging discrimination." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 352 (4th Cir. 2011) (internal quotations and alterations omitted). If plaintiff makes out a prima facie claim, the evidentiary burden of production then shifts to defendant to articulate legitimate, non-retaliatory reasons for its actions. If it does, plaintiff must then show by a preponderance of the evidence that those reasons were, in fact, pretextual. *Price*, 380 F.3d at 212.

It is uncontested that Ms. Hepburn engaged in protected activities by filing complaints with the EEOC. She identifies defendant's decision to terminate her on October 23, 2012, roughly seven months after she filed her EEOC complaint, as materially adverse in her response to the

motion for summary judgment. To meet the third prong of her claim, however, plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013). Plaintiff must show that the alleged desire to retaliate was more than just a "motivating factor" in the employer's adverse decision. *Id.* at 2528–2530. This plaintiff cannot do.

The only evidence Ms. Hepburn proffers of a causal connection is the temporal proximity between her EEOC filing and her termination. The Fourth Circuit recently held that "temporal proximity alone is not sufficient to establish" causation in a retaliation claim. *Staley v. Gruenberg*, No. 13-1875, 2014 WL 2535403, *2 (4th Cir. June 6, 2014 (unpublished). While *Staley* is not binding precedent, "temporal proximity between an employer's knowledge of protected activity and an adverse employment action" is not "sufficient evidence of causality to establish a prima facie case . . . [unless] the temporal proximity [is] very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (internal citation and quotation omitted). In *Clark*, the Supreme Court did not define "very close," but cited cases where adverse employment action was taken three months and four months after the protected activity as insufficient proximity. *See id.* at 273–74 (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997), *Hughes v. Derwinski*, 967 F.2d 1168, 1174–75 (7th Cir. 1991); *see also Shields v. Fed. Exp. Corp.*, 120 F.App'x 956, 963 (4th Cir.2005) (holding that three to four months was insufficient temporal proximity). Plaintiff was terminated approximately seven months after she filed a complaint with the EEOC. The Court finds that this is an insufficient temporal proximity, on its own, to establish a prima facie causal link. As plaintiff has alleged no other grounds for her

8

retaliation claim, plaintiff fails to make out a prima facie case for retaliation and summary judgment for defendants is warranted.

D. STATE LAW CLAIMS

Plaintiff contends that defendants' actions also violate the public policy of North Carolina as set forth in the NCEEPA. The same evidentiary standards applicable to Title VII also apply to claims based on the public policy set forth in the NCEEPA. *See, e.g., Dept. of Corr. v. Gibson*, 301 S.E.2d 78 (N.C. 1983); *Rishel v. Nationwide Mut. Ins. Co.*, 297 F.Supp.2d 854 (M.D.N.C. 2003). Plaintiff bases her NCEEPA claim on the same alleged conduct by defendants and because she cannot establish that she suffered any discrimination in violation of Title VII, she also cannot prevail on a claim for wrongful discharge under the NCEEPA. *See Jones v. Southcorr, LLC*, 324 F.Supp.2d 765, 783 (M.D.N.C. 2004); *Lenhart v. Gen. Elec. Co.*, 140 F.Supp.2d 582, 594 W.D.N.C. 2001). Accordingly, summary judgment in favor of defendants is also proper for this claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend the complaint [DE 37] is DENIED and defendants' motion for summary judgment [DE 39] is GRANTED. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED.

This the ___ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE